STORRS H. MOULTON *vs.* HANNAH MASON, Administratrix, &c.

*Opinion by* CAMPBELL, Ch. J.—Mrs. Mason, as administratrix brought suit to recover the value of certain goods sold by Moulton to deceased.  Evidence was given tending to show the sale and delivery to Moulton of the property; that the deceased and Moulton examined  and  made an inventory of it which was written by Moulton in a book that he took  possession of; that the deceased shortly before his death got said book from Moulton, and made or had made a copy of said inventory, and the book was returned to Moulton.  Notice to produce this book and inventory was served on Moulton, and he failing to produce it, an alleged copy was received in evidence against objection.

When defendant's case was in progress, he offered to prove by his testimony, that the paper produced was not a copy of that inventory, or of any inventory ever made by him, or which he ever assisted in making; that he never had in his possession any book containing an inventory of which that was a copy.— This testimony was ruled out.

The principal reason given for excluding this testimony was that it came within the prohibition of the statute as relating to facts equally within the remembrance of defendant and the deceased.

*Held,* that it is questionable whether said statute has any reference to written documents which are designed to supersede evidence resting in memory only.  Where the representatives of the deceased have the means of proving the existence and contents of the document, and take it upon themselves to do so by independent evidence, the case is not within the mischief of the law and is not covered by it.  Proof of the correctness of a copy is still more remote.  Any one who had compared the papers when made, or subsequently, could give evidence on this point.  The copy might be made after the death of both parties or without the knowlege of either when living, and their knowledge or ignorance could not affect its correctness.

It was also insisted that by not producing the original of the inventory when demanded, the defendant precluded himself from disputing the correctness of the copy.

*Held*, that the refusal to produce the original, authorized proof by secondary evidence, but it does not dispense with such proof as is attainable, and does not allow proof of it by anything less than satisfactory evidence of all that is essential.— Such secondary evidence may be contradicted, and dispensing with primary evidence, only changes the degree of evidence required. It was not attempted here to produce the original to dispute the secondary evidence after having refused to produce it on request of his adversary. There is no sound reason however why the document itself should have been excluded if so offered. If such a rule could ever have been proper there can be no reason for it where parties are competent witnesses and can be compelled by *subpœna duces tecum* to bring into Court any document in their hands relating to the case, while their adversaries have a right to inspect and prove. If Moulton had the inventory in his possession such a subpœna would have reached it.

The Court below also rejected defendant's testimony offered to show payment made by him to one J. G. Wright, of Oswego, for deceased, and to show an arrangement with one Meader before the death of deceased, whereby Moulton was to pay and did pay Meader, for deceased, a certain sum of money.

*Held*, that evidence of payment is always admissible in defense of an action of assumpsit, and if money was paid to a third person for deceased, proof that the payment was made and was authorized or ratified, would put it on the same footing as if paid to himself.

The rulings below were erroneous. Judgment below reversed with costs.